UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PSO-

DAMIEN D. McINNIS,

        Plaintiff,

-v-

ELMIRA POLICE DEPARTMENT, NARC DIVISION,
CHEMUNG COUNTY DISTRICT ATTORNEY OFFICE,
and CHEMUNG COUNTY COURT,

        Defendants.

09-CV-643F

ORDER



    Plaintiff Damien Demedric McInnis was incarcerated at the Chemung County Jail awaiting trial at the time he filed this *pro se* action (July 16, 2009) seeking relief under 42 U.S.C. § 1983. Plaintiff claims that he was arrested and charged with a crime he did not commit, and seeks dismissal of the charges and monetary damages  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

    Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed in forma pauperis. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007).

Plaintiff's complaint (Docket No. 1), and a supplement thereto (Docket No. 4) set forth at length the circumstances leading up to his arrest by the Narcotics Division of the defendant Elmira Police Department on March 16, 2009 on three Class B felony charges (criminal sale of a controlled substance). Plaintiff alleges his innocence of the charges on which he was arrested, and sets forth a number of claims concerning how in his view his court-appointed attorney had mishandled his defense. The complaint demands that this Court order the dismissal of the "false charges" on which he is awaiting trial at the time he filed the complaint and monetary damages.

Subsequent to the filing of the complaint in this matter, plaintiff informed the Court by undated letter received on December 17, 2009 ("December 17 letter") that he was no longer incarcerated and had been found not guilty after two trials of the charges for which he had been arrested. (Docket No. 10). Moreover, plaintiff filed, on January 11, 2010, a new action pursuant to 42 U.S.C. § 1983, McInnis v. Chemung Co. District Attorney's Office, 10-CV-26F, which asserts claims for false arrest, malicious prosecution, etc. stemming from the same March 2009 arrest and detention which forms

the basis of the complaint in the instant action.[1] The complaint in <u>McInnis v. Chemung Co. District Attorney's Office</u>, like the December 17 letter submitted by plaintiff in the instant matter, states that after being detained in the Chemung County jail on false charges, plaintiff was found not guilty after two jury trials.

Inasmuch as plaintiff's action herein principally seeks the dismissal of the charges on which he was arrested in Chemung County in March, 2009, his claims for relief have been rendered moot by his acquittal. Plaintiff has filed a separate superceding action seeking monetary damages stemming from what he alleges to have been his false arrest. Accordingly, the instant complaint is moot and is hereby dismissed[2] with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).[3]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S.

---

[1] The defendants named in 10-CV-26F include all of the entities named as defendants in the instant action.

[2] Given the dismissal of the complaint, plaintiff's motions seeking the appointment of counsel (Docket Nos. 3 and 9) are of course denied.

[3] While this action is being dismissed as moot, the Court notes that because it seeks to have the Court enjoin the criminal proceedings pending against plaintiff at the time the complaint was filed, it runs afoul of the general rule prohibiting the federal courts from enjoining state court criminal proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S Ct.746 (1971); <u>Hansel v. Town Court</u>, 56 F.3d 391 (2d Cir. 1995).

Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated: March 22, 2010
Rochester, New York